STATE OF MISSOURI to the use of TAYLOR, plaintff in error vs. COLLIER, DEFENDANT IN ERROR.

1. In an action against an administrator *de bonis non*, the burden of proof is upon the plaintiff, to show the amount of assets that went into his hands, and a failure to account for them.

## ERROR to St. Louis Court of Common Pleas.

COBB, for plaintiff in error,

An heir or distributee has a right to sue on the bond, as soon as he has been injured by a breach, and is not deprived of this right even when the probate court has power to redress the injury: Rev. Code 1845, p. 105; State of Mo. use of Adams & al. vs. Cambell & al, 10 Mo. Rep 727; State of Mo. to use of Ingram vs. Rankin et al. 4 Mo Rep. 427: Chouteau, adm'r vs. Cousone, 1 Mo. Rep. 350; Gov. of Mo., &c. vs. Chouteau, 1 Mo. Rep. 527; State to use, &c , Collins et al. vs. Stephenson, 12 Mo. Rep. 178.

2. Admissions by Engle, principal in the bond, with a regard to entries made in the course of his duty, are evidence against the security: Greenleaf Ev. 1 vol. p. 187, 191, 201, Witnash vs. Groeger, 8 B. & C. 317; Blair vs. Perpetual Ins. Co., 10 Mo. Rep. 567, 24 Wend. 250; Middleton vs. Welton, 10 B- & C. 317.

3. The order of the probate court on Engle to pay Martha Taylor $625 is binding on the security, and it is his duty to prove that the order has been obeyed. The receipt of P Frayer Smith, proves it was not

4. The failure by Engle to account for $1000 on the claim of Kimwell & Clodfelter, when the claim was secured by deed of trust and admitted by him as adm'r to be satisfied by payment of the claim, is a breach of the bond.

5. The error of $100, in favor of Engle, in the substraction of cash paid, from the amount received which is plain on the face of the account rendered by Engle as administrator, is a breach of the bond

6. The credit of $1048 77, for notes uncollected, is inconsistent with the account rendered just before, when administrator shows all cash, except $675, in notes uncollected thereby making an error of $373 77 cash, in favor of the administrator.

7. Plaintiff's instructions should have been given to the jury.

8. The instruction given for defendant was illegal. It is error in the court to instruct the jury that there is no evidence to prove a fact to be found by the jury, if there be any evidence conducing to establish that fact: 10 Mo. Rep. 442; 1 Mo. Rep. 437; 12 Mo. Reports 381 389.

DICK, for defendant in error.

The St. Louis court of common pleas committed no error, and its judgment ought to be affirmed for the following reasons:

1. It was called upon in a collateral proceeding to revise the judgment of the St. Louis county court and probate court in relation to a matter which had been regularly adjudicated in said probate court, and over which the probate court had special and exclusive jurisdiction: Thompson vs. McGaw, 2 Watts 161; Potter vs. Webb, Greenleaf. 257; Goodrich vs. Thompson, 4 Day 215; McLonachan vs. the Commonwealth, 1 Rawle 361; Jennison vs. Hapsgood, 7 Pick. 1: Blount vs. Darrah, 4 Wash. C. C. R. 657 14 Serg. & R. 181; Clark vs. Callahan, 2 Watts 261; App vs. Denesback, 2 Rawle 287; Judge of probate vs. Fillmore, 1 Chip. 421; Burk vs. Sheldon, 1 Day 170; McFadden vs. Geddes, 17, Serg. & R. 336; Phil. Ev. 223; et seq. and notes, viz: n. 609, p. 852; n 586, p. 824; n. 620, p. 861; see also the case of Trimble vs. Oldham & Broaddus, decided at this term of the court: Clark and wife vs. Henning's adm'r, 9 Mo. 339.

2d. The law concerning administration specially provides for an appeal from the probate court, and a review of the proceedings and judgments of said court; and Martha Taylor had then in the mode prescribed by law, means and opportunity to except to and cause to be reviewed, the judicial proceedings upon the subject matter of the present suit. Same authorities as above cited.

3d. The plaintiff offered no evidence to show that Martha Taylor was one of the distributees of James Taylor.

4th. No evidence was offered to prove the truth of any of the breaches assigned; but on the contrary, the evidence adduced by the plaintiff, showed that such breaches were falsely assigned.

5th. The instruction asked by the defendant and the only one given by the court amounted to a demurrer to the evidence and was proper, because the evidence had no tendency to support the breaches: Lee vs. David, 11 Mo. 114; Gould's pleading p. 479 Chap. 9 part 2, 47 et. seq.

SCOTT, J., delivered the opinion of the court.

This was an action on an administration bond against Collier, as security for P. H. Engle, administrator of Jas. Taylor deceased. The breaches assigned were, the non payment of a distributive share of the said estate to Martha Taylor, one of the distributees of said estate; a failure to account for $1000, due on a bond given to the deceased by Kimwell & Clodfelter, and placed in the hands of an attorney for collection; a mistake of one hundred dollars in making his annual settlements, and divers other palpable breaches. On issue joined, the plaintiff submitted to a nonsuit after the refusal of the instructions asked by him, and are given at the instance of the defendant. The plaintiff, having unsuccessfully moved to set aside the nonsuit, has brought the case to this court.

The instructions asked by the plaintiff, are substantially as follows, and grow out of the breaches assigned in the declaration. The first is, that if the administrator neglected to pay a sum, ordered by the

court to be paid to Martha Taylor, for whose use the suit was brought, the jury will find for the plaintiff. That the burden of proof of the payment is on the plaintiff; that if the administrator received a thousand dollars on Kimwell & Clodfelter's bond, which he failed to account for, they will find for the plaintiff; that if there is the sum of $100 improperly credited, by mistake, to the administrator in his settlements, the jury will find for the plaintiff. The last instruction is not mentioned, as it grows out of a breach not properly assigned; on which, consequently, there could be no recovery. At the instance of the defendant, the court instructed the jury, that on the evidence there could be no recovery by the plaintiff.

The annual settlements of Engle as administrator and an additional inventory of the estate of the deceased, filed by a former administrator, were given in evidence, and his bond letters of administration and his affidavit, stating who were the heirs and distributees of the deceased. There was no evidence that Kimwell & Clodfelter's bond was ever in the possession of Engle. It is mentioned in the former administrator's additional inventory, and from a memorandum thereon endorsed, it appears, that it was placed in the hands of the attorney by the deceased, James Taylor. The record of Engle's settlements shows, that the amount with which he was charged, consisted of uncollected debts, $3327 60, and by a memorandum on his last settlement, it appears how much he received on Kimwell & Clodfelter's bond, which was a thousand dollars less than the amount due on them, according to the additional inventory of the former administrator.

As to the distributive share of $625, ordered to be paid to Martha Taylor, the non-payment of which is assigned as one of the breaches of the condition of the bond, it may be observed, that the record offered in evidence by the plaintiff, shows that all the moneys ordered to be distributed amongst the heirs of Jas. Taylor, were paid to their attorney in fact, and his receipt therefor filed amongst the papers of the administration.

Kimwell & Clodfelter's bond being placed in the hands of the attorney, by Taylor himself, it does not appear how that matter stood at the time Engle took out letters of administration. Whether payments had been previously made is not shown. The documents offered in evidence by the plaintiff, prove, that he acknowledged the receipt of a sum, a thousand dollars less than was due, according to the additional inventory. For the sum received Engle accounted. If there was more due on the bond than was received, or if more was received than was ac-

counted for, the burden of proof was on the plaintiff. She impeaches the settlement and must show the error or mistake.

As to the error of $100 in the addition, which caused an increase of Engle's credits of that amount, the plaintiff cannot complain, as it appears by the last settlement, that the estate is indebted to her in the sum of $150.

The question as to the propriety of this mode of procedure, is not determined, as the cause has been heard on the merits and decided against the plaintiff.

The other judges concurring, the judgment will be affirmed.